·learning and integrity I respect, than to differ from them, but a most careful study of the questions involved in the maintainability of the jury law of Albany county, not only in this case, but in others argued at its court of oyer and terminer, leads me irresistibly to the conclusion that chapter 532 of the Laws of 1881, by which the jury system for that county purports to be created is unconstitutional and therefore void.

## N. Y. MARINE COURT.

### George Schlegel agt. The American Beer and Ale Bottling Company.

*Code of Civil Procedure, section 1778 — Time in which order of judge direct-ing issues presented by the pleadings to be tried, &c., as provided by this section must be served — Practice in marine court.*

In a suit against a domestic corporation, brought in the marine court, the time in which an order, under section 1778 of the Code of Civil Pro-cedure, must be served, is limited to six instead of twenty days.

*Special Term, November*, 1882.

Hawes, *J.*— This action is brought upon a promissory note made by the defendant, a domestic corporation.

The summons was served on October 12, 1882, and no order of the judge directing the issues presented by the pleadings to be tried, in compliance with section 1778 of the Code was served with the answer, nor was any such order obtained or filed. On the nineteenth plaintiff entered judgment, on the ground of the failure to serve such an order.

The motion is now made to vacate the judgment, upon the theory that the right to enter judgment was not complete until the expiration of twenty days after service of the complaint.

The question has not arisen before in this court, and its

Schlegel agt. American Beer and Ale Bottling Company.

decision is therefore of some importance as determining the practice.

It is a well settled rule of interpretation that words which are not ambiguous shall be interpreted literally, and full effect shall be given them by the court ; and in that phase of the case it is clear that the court would have no power to order the entry of judgment until after the lapse of twenty days from service of the complaint, as the language in that regard is clear and explicit. But the very section which embodies this provision also declares that " in such an action, unless the defendant serves, with a copy of his answer, a copy of an order of a judge," &c., plaintiff may take judgment as in case of default in pleading.

The Code provides that answers in this court shall be due in six days instead of twenty, and all notices and orders are made to conform to this general principle so far as the practice here is concerned.

The court is therefore called upon to determine the intent of the legislature in this enactment.

As is said by chancellor WALWORTH, in *Donaldson* agt. *Wood* (22 *Wendell*, 397), the court must consider the " necessity and probable object of the change, and then give such construction to the language used by the lawmakers in providing the remedy as to carry their intention into effect so far as it can be ascertained from the terms of the statute itself ;" and this construction must be such as is warranted by the words of the act. The further principle of interpretation must be considered, viz., that all statutes in *pari materia* 'must be construed together.

With these principles in mind, it seems clear that the legislature intended that the order of the judge should be served within the time when the answer was due, and when the statute provides that the answer should be due in six days, that the order should be served within that time, and it seems unnecessary to discuss the reasonableness of such a construction, for it is fairly inferable from the section itself, as well as

from the general intent and purpose of the provision. This section took the place of 2 Revised Statutes, 458 (*chap.* 8, *title* 4, *art.* 5, *sec.* 8), which authorized the plaintiff in an action against a corporation, founded on a note or other evidence of debt, to apply to the court for judgment on the return day, and the court then rendered judgment in favor of plaintiff, unless it was made to appear that the corporation had a good and substantial defense on the merits. It is clear, therefore, that the return day under the old practice was the essential element of time, and the counsel is bound to construe the present provision in the light of the former legislation and the former practice.

The present practice only modifies the former by making it conform to the Code practice and compels the corporation to establish a *prima facie* case of merits on or before the return day, whenever that may be. "When the object of the legislature is plain and unequivocal courts ought, without violence to the words, to adopt such a construction as will but effectuate the intentions of the lawgivers." I have no doubt that the construction given to this statute by the plaintiff was the just and proper one, and that the time in which the order of the judge must be served is limited in this court to six instead of twenty days.

Motion denied, with costs.