petition for the writ may be proffered by the prisoner or by any person in his behalf.   Id. § 2017.   On a proper application, the court or judge must grant it without delay, under a penalty for refusal of $1,000.   Id. § 2020.   The person upon whom the writ has been duly served must bring up the body of the prisoner, under peril, in case of neglect, of attachment and commitment.   Id. §§ 2027, 2028. The court or judge before whom the prisoner is produced "must immediately after the return of the writ examine into the facts alleged in the return, and into the cause of the imprisonment or restraint of the prisoner," and discharge or remand him, as the case may require. Id. § 2031.   From these provisions of the statute, as well as from the office and object of the writ of habeas corpus ad subjiciendum, the conclusion is obvious that nothing may be interposed as a bar or impediment to the allowance or operation of the writ in delivering from illegal detention.   But, if security for costs may be exacted for the privilege of prosecuting the writ, not only would a restriction upon its allowance be imposed without warrant, but its benefit be denied to the friendless and unfortunate,—the class most in need of its protecting energies.   Hence the proceeding upon a new writ may not be stayed for nonpayment of the costs of a former proceeding. People v. Mercein, 3 Hill, 399.   Hence, too, the effect of a final order discharging the prisoner may not be suspended pending an appeal from the order.   People v. Stout, 10 Misc. Rep. 247, 31 N. Y. Supp. 421.   While no authority is adduced in support of the motion, an express adjudication against it is presented in State v. Lyon, 1 N. J. Law, 403.   I am unwilling in any manner or in any degree to impair the efficacy of the most beneficial process of the law, but, were I otherwise inclined, happily I should be without power to carry out such purpose.

Motion denied.

---

(19 Misc. Rep. 685.)

### WATERTOWN NAT. BANK OF WATERTOWN v. WESTCHESTER COUNTY WATERWORKS CO.

(Supreme Court, Special Term, Onondaga County.   March, 1897.)

CORPORATIONS—ACTIONS AGAINST—ORDER FOR TRIAL OF ISSUES.

> Code Civ. Proc. § 1778, provides that plaintiff in an action against a corporation for nonpayment of a note may take judgment "as in case of default in pleading," unless defendant serves with a copy of its demurrer or answer a copy of an order of a judge directing a trial of the issues. *Held*, that plaintiff, in order to take a default judgment, need not return an answer because a copy of such order was not served with it.

Action by the Watertown National Bank of Watertown, N. Y., against the Westchester County Waterworks Company, on a promissory note for $5,000.   Defendant moves to vacate a judgment taken against it by default.   Granted.

Benjamin Stolz, for the motion.
Mullin, Griffin & Walker, opposed.

HISCOCK, J.   This action was brought by plaintiff against defendant to recover upon a note for $5,000 made by the latter.   It

was commenced by service of a summons and complaint. Within 20 days after such service, the defendant appeared, and answered, raising certain issues, but failed to procure and serve with its answer a copy of an order by a judge directing that the issues presented by the pleadings be tried, as provided by the Code. Thereafter, and without returning said answer, plaintiff took judgment as upon a default. The only contention between the parties is whether plaintiff could take such judgment without returning the answer, with some notice calling attention to the failure to serve said copy of order. It seems to me that it could so do. There was no irregularity or defect in the answer itself. So far as appears, that pleading was complete and perfect, and ordinarily would have secured the delay and benefit of a trial. The legislature, however, has seen fit to provide that in a case like this, in order to secure such results from an answer, the defendant must procure and serve an entirely independent and additional paper, viz. an order permitting the issues to be tried. Such provisions contemplate and assume that there shall be served in the case a perfect pleading, but say in effect that, notwithstanding such pleading, the defendant shall not be entitled to have the questions thereby presented tried unless this order is served. Defendant must first serve his answer or demurrer, raising the desired issues, and must then procure and serve a copy of the order which permits a trial thereof, and in effect permits a stay. Although the Code provides that this order shall be served with the pleading, a service of it thereafter and at any time before default would undoubtedly be sufficient. Defendant's argument, therefore, would compel a party to return a pleading itself, subject to no defects or irregularities, because not accompanied by another paper not any part of it, but intended simply to prescribe its future effect when served. This is not in accordance with the general rules and practice in reference to the return of papers, and which take hold of those cases where the paper returned is itself defective or irregular, as a pleading defectively verified or folioed. In fact, the language of the section in question would seem to sanction the very practice which presumably has been followed here, of making the pleading served part of the judgment roll, and furnishing therewith proof of nonservice of the order necessary to stay judgment. It provides that, upon failure to serve the order, plaintiff may take judgment "as in case of default in pleading" (Code, § 1778); that is, the defendant is not treated as actually in default for want of a pleading (which would be the case if it had been returned to him), but his failure to serve the order renders that pleading ineffectual, and he is treated the same as though it, in fact, had not been served, or, what is the same thing, had been returned.

It is true that the case of Wilcox v. Boat Co., reported in New York Daily Register, February, 1885, and cited by defendant, seems to controvert the foregoing position. Independent, however, of any more original reasoning upon the correctness of that decision, the question seems to have been passed upon adversely to it. A reference to the printed case and points on appeal in Ford v. Power Co., reported 54 Hun, 451, 7 N. Y. Supp. 714, shows that this precise question was there involved. The opinion rendered by the court confines

itself largely to the discussion of another question. But it distinctly appears, by reference to the affidavit upon the motion there made to open the judgment, that, as in this case, the pleading served by defendant was not returned, and the effect of such omission is discussed in respondent's brief. If the contention here urged by defendant were well founded, the decision rendered by the court could not have been reached. Again, in the case of Shorer v. Publishing Co., reported 119 N. Y. 483, 23 N. E. 979, reference to the printed case shows that the same practice of retaining the pleading was pursued as here, and which fact was not regarded by the court as presenting any question for discussion. See 53 Hun, 88, 6 N. Y. Supp. 63.

The motion to vacate the judgment as a matter of right, therefore, is denied, but the default taken against defendant is opened, and it is allowed to appear herein, and defend, upon the following conditions: Ten dollars costs of this motion shall be paid upon service of the necessary order within 20 days, and the judgment heretofore taken, and all proceedings thereon, shall be allowed to stand as security for such final judgment, if any, as plaintiff shall recover herein. Ordered accordingly.