ANNA C. CENTER, Respondent, *v.* THE HOOSICK RIVER PULP
Co., Appellant.

(County Court, Rensselaer County, March, 1904.)

**Corporation — Code Civ. Pro., § 1778, inapplicable to an action brought
in justice's court.**

> Code Civ. Pro., § 1778, providing that, in an action against a
> foreign or domestic corporation, to recover damages for the non-
> payment of a promissory note, or other evidence of debt, for the
> absolute payment of money, upon demand, or at a particular time,
> unless the defendant serves, with a copy of his answer or demurrer,
> a copy of an order of a judge directing that the issues presented
> by the pleadings be tried, the plaintiff may take judgment, as in
> a case of default in pleading, at the expiration of twenty days
> after service of a copy of the complaint, does not apply to an action
> brought in justice's court against a domestic corporation for such
> a cause of action.

APPEAL from a judgment rendered in a justice's court in
favor of plaintiff.

George E. Green, for appellant.

Charles I. Webster, for respondent.

TIERNEY, J.    This is an appeal from a judgment ren-
dered in the justice's court of the town of Schaghticoke
against the Hoosick River Pulp Company, a domestic cor-
poration of the town of Pittstown, in this county, the de-
fendant and appellant, in favor of Anna C. Center, plain-
tiff and respondent.

It appears that upon the return of the summons in this
action which was accompanied by a verified complaint, the
defendant appeared before the justice and attempted to file
with him a verified answer.  This answer was rejected by
the justice upon the motion of the plaintiff's attorney, upon
the ground that defendant had not filed with the justice

an order of a judge directing that the issues presented by, the pleadings be tried as required by section 1778 of the Code of Civil Procedure, and the defendant not having procured nor filed such an order, judgment was taken against it as by default, and from such judgment this appeal is taken.

Section 1778 of the Code of Civil Procedure reads as follows: "In an action against a foreign or domestic corporation, to recover damages for the non-payment of a promissory note, or other evidence of debt, for the absolute payment of money, upon demand, or at a particular time, an order, extending the time to answer or demur, shall not be granted, except by the court, upon notice to the plaintiff's attorney. In such an action, unless the defendant serves, with a copy of his answer or demurrer, a copy of an order of a judge, directing that the issues presented by the pleadings be tried, the plaintiff may take judgment, as in case of default in pleading, at the expiration of twenty days after service of a copy of the complaint, either personally with the summons, or upon the defendant's attorney, pursuant to his demand therefor; or, if the service of the summons was otherwise than personal, at the expiration of twenty days after the service is complete."

I think there can be no question as to the application of this section to actions in certain courts of record where the answer is returnable in six days from the date of service, and that the wording of section 1778 "At the expiration of twenty days after service of a copy of the complaint" are so governed by the preceding words of the section "unless the defendant serves with a copy of his answer or demurrer a copy of an order of a judge directing that the issues presented by the pleadings be tried the plaintiff may take judgment as in case of default in pleading," etc., that the real intent of the Legislature in this enactment was that the order of a judge should be served within the time when the answer was due and when the statute provides that the answer should be due in six days the order should be served within that time. Donaldson v. Wood, 22 Wend. 395; Schlegel v. American Beer & Ale Bottling Co., 12 Abb. N. C. 280.

I cannot believe that a like construction can be placed upon this section with reference to courts of justices of the peace. It is true that the period necessary to elapse between the time of the service of a summons and complaint and the return day may be the same in the justice's court as in the Marine Court and the City Court of New York, the courts in which the cases cited in respondent's brief were originally tried, viz., six days; but the status and scope of these courts and the rules of practice relative to them are widely different from those of a justice's court. There, there are terms of court, notice of trial is given, notes of issue are filed and the forms of pleadings are much the same as in all other courts of record of the State. See Code Civ. Pro., §§ 3159, 3160, 3161, 3162, 3165, 3166.

The pleadings in a justice's court may be either oral or written and it was not until 1881 by chapter 414 of the laws of that year that verified pleadings were authorized or permitted in a justice's court.

Section 1778 of the Code and the provisions of the Revised Statutes which this section supplies and takes the place of (2 R. S. 458, chap. 8, tit. 4, arts. 5, 8 and 459, §§ 8, 9, 10), all precede the time when verified pleadings were permitted in the justice's court (Laws of 1881, chap. 414), and the application of this section to justices' courts cannot possibly have been considered by the lawmakers at that time.

Again, Bliss in his Code, after section 3158, enumerates the sections of the Code which are regarded as applicable to justices' courts and under the subject "Actions by and against corporations" has the following: "Sections 1775 to 1777 and 1779" clearly eliminating section 1778, and showing that in the judgment of the author this section did not apply to justices' courts.

It is true that section 3343, subdivision 3, of the Code, includes justices of the peace under title "Judge" but chapter 667 of the Laws of 1892, section 6, being an act relating to the construction of statutes, describes the term "Judge" as follows: "The term 'Judge' includes every judicial officer authorized alone or with others, to hold or preside over a court of record" so that the definition con-

tained in subdivision 3 of section 3343 of the Code does not lead me to conclude that the term " Judge " used in section 1778, as the officer to whom application should be made for an order directing that " The issues presented by the pleadings to be tried " must of necessity include a justice of the peace.   I am rather inclined to the opinion that it refers only to a judicial officer authorized to preside over a court of record as defined by the statute of 1892 above mentioned.

It is argued by the respondent's counsel that if it is held that section 1778 does not apply to justices' courts that then in an action commenced in the justice's court against a corporation to recover on a promissory note executed by it, a corporation could appear and answer, could appeal to the County Court, to the Appellate Division and to the Court of Appeals, and the corporation would be permitted in every court to evade the statute requiring them to obtain a judge's order directing that the issues be tried before or at the time the answer is served.

A person bringing an action against a corporation on a promissory note, or otherwise, is not bound to bring it in the justice's court.   It is entirely optional with the plaintiff in what court the action will be brought, and if he chooses to bring such action in the justice's court, he must accept the conditions which he finds there.

In the absence of authorities indicating the contrary and for the reasons above stated, I decide that the judgment of the justice's court should be reversed with costs.

Judgment reversed, with costs.