McHENCH v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    June 18, 1908.)

SCHOOLS AND SCHOOL DISTRICTS—PUBLIC SCHOOLS—TEACHERS—COMPENSATION—STATUTORY PROVISIONS.

Laws 1900, p. 1607, c. 751, § 4 (section 1091 of the Greater New York charter) empowered the board of education of the city of New York to adopt by-laws fixing a schedule of salaries of all teachers in the common schools. It required that the salaries should be uniform in the respective grades and throughout the city, and that no salary should be decreased thereby. *Held*, that the law intended a uniformity of salaries immediately, or so soon as it could be brought about without reducing salaries; and hence, where the board adopted a schedule fixing the minimum salary of a certain grade at $1,750 and the maximum at $2,500, with an annual increase of $250, a teacher who was receiving a salary of $2,050 was not entitled to the annual increase until the other salaries by such increase equaled hers, after which she was entitled to the increase with the others.

Appeal from Municipal Court of New York.

Action by Mary J. McHench against the board of education of the city of New York. Judgment for plaintiff, and defendant appeals. Reversed, and judgment given for defendant.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Theodore Connoly (Stephen O'Brien and Thomas F. Noonan, on the brief), for appellant.

Conrad Saxe Keyes, for respondent.

GAYNOR, J. Chapter 751, p. 1607, of the Laws of 1900 (section 4 being section 1091 of the city charter), empowered the board of education of the city of New York to adopt by-laws fixing a schedule of salaries of all of the teachers in the common schools of the city. It required that said salaries should be uniform in the respective grades and throughout the whole city. It thus prescribed a complete system. The board adopted such a schedule. We have to do here only with the

salaries of women principals of schools of not less than twelve classes. The schedule fixed the minimum and maximum salaries therefor at $1,750 and $2,500, with an annual increase of $250 until the maximum should be reached.

At the time this statute and schedule took effect the plaintiff was the principal of such a school at a salary of $2,050. The statute provided that no salary should be decreased thereby; and also, as we have seen, that salaries should be made uniform throughout the city. The plaintiff's salary was out of uniformity, i. e., it was larger than the salaries generally of her grade, and the only way to bring it into uniformity, as required by the statute, was not to add the prescribed annual increase of $250 to it until the other salaries by such increase caught up with it. That course was followed. By the addition of $250 the first year to the salaries of $1,750 of her sister principals they were raised to $2,000, while hers remained stationary at $2,050. The next year by the said addition of $250 they became $2,250, and $200 was added to hers to make it the same. Uniformity having thus been attained, $250 was thereafter given to all alike in each of the two following years, when the maximum of $2,500 was reached. This was all in accordance with the statute, for it was necessary in order to carry out all of its requirements.

The plaintiff's claim is that she should have had the prescribed annual increase from the start and until her salary reached the maximum of $2,500, i. e., that $250 should have been added the first year, which would make her salary $2,300, and $200 the next year, to make it the maximum. In that way for the next two years she would have received $250 more each year than she did receive, thus getting an advantage of $500 over her sisters during the running of the period of years when the maximum was being reached, instead of being treated uniformly with them. She therefore sues for $500. But this is an erroneous and unfair understanding of the statute. It intended a uniformity of salaries immediately, or so soon as it could be brought about hampered by the provision that no reduction of a salary could be made for that purpose. The provision that salaries should be uniform did not refer to the maximum only, but to the salaries paid year by year as well until the maximum should be reached. The only restriction in bringing this uniformity about was that no existing salary should be decreased.

The judgment should be reversed and judgment given for the defendant.

Judgment of Municipal Court reversed, with costs, and judgment given for the defendant, with costs. All concur.