DAVID HEIN, Plaintiff, *v*. STANDARD DIE AND TOOL WORKS, INC., Defendant.

(City Court of City of New York, Special Term, September, 1920.)

Judgments — when plaintiff entitled to take — corporations — negotiable instruments — pleading — Code Civ. Pro. § 1778.

> Where in an action brought in the City Court of the city of New York against a domestic corporation upon its promissory note, the answer, not accompanied by an order, permitting the trial of the issues as required by section 1778 of the Code of Civil Procedure, was returned and defendant took no further steps in the matter, the plaintiff is entitled to take judgment at the expiration of six days after the service of the complaint.

ACTION to recover upon a promissory note.

Lesser & Lesser, for plaintiff.

WENDEL, J. This action is brought by plaintiff against the defendant, a domestic corporation, to recover the sum of $1,500 on a promissory note made, executed and delivered by it to plaintiff. The summons was served on September 7, 1920. Thereafter, on September ninth, the defendant appeared by attorney and on September eleventh served its answer,

but the same was not accompanied with an order permitting the issues to be tried as required by section 1778 of the Code of Civil Procedure, whereupon plaintiff returned the answer to the attorneys for defendant, who have taken no further steps in the matter. Although the defendant's time to answer expired on September thirteenth, the clerk, upon presentation of the judgment roll to him, refused to enter judgment on the ground that under section 1778 the plaintiff was not entitled to enter judgment until at the expiration of twenty days after the service of a copy of the complaint, and that consequently plaintiff's right to enter judgment would not accrue until September twenty-seventh. By section 1778 it is provided that " unless the defendant serves with a copy of his answer * * * a copy of an order of a judge directing that the issues presented by the pleadings be tried, the plaintiff may take judgment, as in case of default in pleading, at the expiration of twenty days after the service of a copy of the complaint." This section is made applicable to the City Court by section 3347 of the Code, subject, however, to the qualifications contained in section 3159. This latter section provides that each of the Code provisions made applicable to the City Court is subject to the qualifications and exceptions expressed or plainly implied in this title. Sections 3165 and 3166, requiring answers to be served within six days, are embraced within such title. Notwithstanding the twenty-day clause in section 1778, it will be noted that it is also specifically provided that plaintiff may take judgment as in case of default in pleading. Consideration should also be given to the language of section 3159 above set forth, by which the applicability of section 1778 to the City Court is subject to the qualifications expressed or plainly implied in the Code provisions relating to said court. Recog-

nizing the general principle that laws *in pari materia* must be construed with reference to each other, and also that such construction should be given to the language as will carry the intention of the lawmakers into effect, it appears clearly that the purpose was to permit the judgment to be entered as in case of default in pleading, to wit, at the expiration of six days. This view is strengthened by the limitations of section 3159, which clearly sought to render section 1778 adaptable to and in conformity with the general provisions relating to the City Court. The purport of the statute was to limit and not to extend the rights of a defendant sued on a promissory note, and as the failure to serve the order has been held to render the pleading ineffective, and unless waived to place the same in the same position as though the answer had never been served (*Watertown Nat. Bank* v. *Westchester County Water Works*, 19 Misc. Rep. 685), a construction recognizing only the twenty-day provision would act not as a limitation, but rather as an extension, for the plaintiff would be unable to take advantage of the defendant's default until the lapse of a period of fourteen days beyond the ordinary time. *Schlegel* v. *American B. & A. Co.*, 64 How. Pr. 196, was an action on a promissory note brought in the New York Marine Court. The summons was served on October twelfth and defendant failed to serve with its answer an order of the judge directing the issues to be tried, whereupon plaintiff entered judgment on October nineteenth. Defendant moved to vacate this judgment on the ground that it was prematurely entered, contending that such right was not complete until twenty days after the service of the complaint. The court held that the right to enter judgment was complete upon the expiration of six days after the service of the complaint, and, after a discussion of the

section and the rule of interpretation to be applied, said: "With these principles in mind it seems clear that the Legislature intended that the order of the judge should be served within the time when the answer was due, and when the statute provides that the answer should be due in six days, that the order should be served within that time, and it seems unnecessary to discuss the reasonableness of such a construction, for it is fairly inferable from the section itself, as well as from the general intent and purpose of the provision. This section took the place of 2 Revised Statutes, 458 (chap. 8, title 4, art. 5, sec. 8), which authorized the plaintiff in an action against a corporation founded on a note or other evidence of debt to apply to the court for judgment on the return day, and the court then rendered judgment in favor of plaintiff, unless it was made to appear that the corporation has a good and substantial defense on the merits. It is clear, therefore, that the return day under the old practice was the essential element of time, and the counsel is bound to construe the present provision in the light of the former legislation and the former practice." So, also, in *Duke* v. *Mt. Morris Const. Co.,* 111 N. Y. Supp. 303, was the adaptability of section 1778 to the practice of the Municipal Court recognized by the Appellate Division, the court citing with approval the *Schlegel Case, supra.* In Seabury's City Court Practice (p. 336) the following appears: "But when this section (1778) is construed in connection with section 3165 it may fairly be assumed that the legislature intended that when section 1778 was applied to an action in the City Court it should be read as if it permitted the taking of judgment at the expiration of six days after the service of a copy of the complaint. Such a construction is reasonable and is in harmony with the long established practice

in the City Court." Though this statute has been differently interpreted in *Smith* v. *Consumer's Fertilizer Co.*, 172 N. Y. Supp. 598, such decision is not in accord with the authorities above cited, but seems to be based entirely upon the phrase " at the expiration of twenty days after the service of a copy of the complaint," without giving consideration either to the remaining language of the section or to the effect of the limitations set forth in section 3165, and hence I am unwilling to follow same. The clerk is directed to enter the judgment.

Judgment accordingly.