### TYLER *vs.* THE ÆTNA FIRE INSURANCE CO. OF NEW-YORK.

In a suit against an incorporated company on a policy of insurance, judgment cannot be entered on the return day of the first process, although the defendants neglect to appear.

MOTION to set aside a default. This was an action on a policy of insurance against fire. The summons was returnable on the first day of the last term. The defendants were called, their default entered, and a writ of inquiry of damages awarded, the plaintiff supposing himself entitled to such rule, under the act to prevent fraudulent bankruptcies by incorporated companies. A motion was now made to set aside the default.

*W. E. Wetmore,* for defendant.

*S. B. Jewett,* for plaintiff.

*By the Court,* Savage, C. J.   The act under which these proceedings were had, does not warrant this summary mode of obtaining a judgment in an action on a policy of insurance, in which the demand of the plaintiff is entirely unliquidated.   It can be resorted to only in cases where the suit is "upon a contract, note, or other evidence of debt," viz. where the instrument declared on is, *per se,* an evidence of debt, as a note, bill of exchange, bond, &c.   (6 *Cowen,* 41.) The proceedings are set aside as irregular, with costs.