HANNAH McKEE, Appellant, v. THE METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

*Code of Civil Procedure, sec. 1778 — an action on a policy of insurance does not fall within its purview.*

An ordinary life insurance policy is not an instrument "for the absolute payment of money upon demand, or at a particular time" within the meaning of section 1778 of the Code of Civil Procedure, providing that, in an action against a domestic or foreign corporation, upon such an instrument, the defendant must serve with his answer a copy of an order of a judge directing that the issues presented by the pleadings be tried.

APPEAL from an order made by Mr. Justice PRATT vacating a judgment, entered by the plaintiff on March 24, 1881.

The action was brought to recover fifty-nine dollars and thirty-three cents claimed to be due to the plaintiff on a policy of insurance issued by the defendant on the life of one Maria Duffy. The answer was served and the cause placed at issue March 16, 1881. On March twenty-fourth the plaintiff entered a judgment by default, upon the ground that no order was obtained and served with the answer, as required by section 1778 of the Code.

Defendant thereupon obtained an order to show cause why the judgment should not be vacated. On argument before Mr. Justice PRATT he vacated the judgment, and an order to that effect was signed by him and filed.

*Hugh A. McTernan*, for the appellant.

*Andrew Dutcher*, for the respondent.

BARNARD, P. J.:

The papers on this appeal are so defectively made up as to present no real question. The action is brought upon a policy of life insurance upon the life of Maria Duffy. The pleadings are not given in the appeal papers. The amount of the claim upon the policy is fifty-nine dollars and thirty-three cents. Whether this sum is the amount of the policy, or, if less than the amount, how it

is made up the papers do not disclose. Section 1778 of the Code of Civil Procedure provides that in actions against foreign or domestic corporations " to recover damages for the non-payment of a promissory note, or other evidence of debt for the absolute payment of money upon demand or at a particular time, * * * the defendant serve with a copy of his answer or demurrer a copy of an order of a judge directing that the issues presented by the pleadings be tried," or the plaintiff may enter up judgment as if there were no answer at the expiration of twenty days after service of a copy of the complaint.

The judge at Special Term had both pleadings and policy, and he determined that the policy was not an evidence of debt for payment absolute but was conditional " as, expressed in policy."

We think that the ordinary life insurance policy is not such a paper for the payment of money on demand or at a particular time as is contemplated by. section 1778. It is evidence of no debt in itself — it is a conditional contract. (*Anonymous*, 6 Cow., 41 ; *Tyler* v. *Ætna Ins. Co.*, 2 Wend., 280.) The case of *Studwell* v. *Charter Oak Life Insurance Company* (8 Weekly Dig., 561, 562) appears to have been decided after the issue was made. It is very possible that the parties could make an issue upon a life insurance policy which would be entitled to a preference under section 791 of the Code of Civil Procedure, being in an action against corporation founded upon a note or other evidence of debt for the absolute payment of money.

The order should be affirmed, with costs and disbursements.

GILBERT and DYKMAN, JJ., concurred.

Order vacating judgment affirmed, with costs and disbursements.