motion for a nonsuit was well based, and that its denial was error, for which a new trial must be granted.

All concurred.

Judgment and order reversed and new trial granted, costs to abide event.

SEBASTIAN SHORER, RESPONDENT, *v.* THE TIMES PRINTING AND PUBLISHING COMPANY, APPELLANT, IMPLEADED WITH OTHERS.

*Corporations — judge's order, accompanying the answer of, in an action against it as indorser of a note, when not required — Code of Civil Procedure, sec.* 1778.

The provisions of section 1778 of the Code of Civil Procedure, requiring a judge's order to accompany the answer of a defendant, which is a corporation, in an action to recover damages for the non-payment of a promissory note, or other evidence of debt, for the absolute payment of money, does not cover a case in which the corporation is liable only as an indorser of the note.

APPEAL by the defendant, The Times Printing and Publishing Company, from an order denying a motion made by it before the Monroe County Court, entered in the office of the clerk of the county of Monroe on the 19th day of January, 1889.

The action was brought to recover upon a promissory note made by the defendant, Edmund W. Merritt, and indorsed by the Times Printing and Publishing Company. The Times Printing and Publishing Company answered, but did not serve any order of a judge under section 1778 of the Code of Civil Procedure. Whereupon the plaintiff entered judgment against the company, from an order denying a motion to vacate which this appeal was taken.

*D. C. Feely*, for the appellant.

*Charles M. Williams*, for the respondent.

DWIGHT, J.:

The judgment was entered under section 1778 of the Code of Civil Procedure, for want of a judge's order to accompany the answer of the defendant, which is a domestic corporation.

The action was on a promissory note made by one Merritt and indorsed by the defendant corporation. The only question in the case is whether the statutory provision referred to applied to a corporation liable, if at all, only as indorser of a promissory note. The text of the provision is as follows: " In an action against a foreign or domestic corporation to recover damages for the non-payment of a promissory note, or other evidence of debt, for the absolute payment of money, upon demand, or at a particular time, * * * unless the defendant serves, with a copy of his answer or demurrer, a copy of an order of a judge directing that the issues presented by the pleadings be tried, the plaintiff may take judgment, as in case of default in pleading, at the expiration of twenty days," etc. This provision of statute is plainly in derogation of the common law, and must, therefore, be strictly construed. (*Bradley* v. *Albemarle Fertilizing Co.*, 2 Civ. Pro. R. [Browne], 50 ; *Barr Co.* v. *Kuntz Co.*, 18 Abb. N. C., 476.) It is a provision which authorizes a plaintiff to disregard the answer of the defendant, though it con sist of a general denial and be supported by a solemn verification, and to enter judgment, notwithstanding such answer, without so much as an application to the court. Such a statute will not be extended beyond the strict limitation of the terms employed. By the original act of 1825 (chap. 325, § 4), the analogous provision was applied to every suit " prosecuted against any incorporated company upon any contract, note or other evidence of debt." When the provision was incorporated into the Revised Statutes the word " contract " was stricken out and the words " for the absolute payment of money on demand, or at any particular time " were added after " evidence of debt," and the provision of the Code of Civil Procedure retains the modification introduced by the Revised Statutes. This modification is of great significance as indicating an intention to circumscribe the application of the rule of practice. And yet, even under the original provision, it was held by the Supreme Court, in two cases, that it had application only to an action upon some instrument which was in itself '*per se*' evidence of debt. (*Anonymous*, 6 Cow., 41 ; *Tyler* v. *The Ætna Fire Ins. Co.*, 2 Wend. 280.) These cases were commented upon and approved in the case of *The New York Life Insurance Company* v. *The*

*Universal Life Insurance Company* (88 N. Y., 424), and in that case the rule of the application of the statute is stated as follows: The provision applies only to "instruments which admit, on their face, an existing debt payable absolutely." The rule thus stated, we think, clearly excludes the case of an action against the indorser of a promissory note. The contract of indorsement is not "an instrument which is in itself '*per se*' evidence of debt;" *it is not* "an instrument which admits, on its face, an existing debt payable absolutely." The liability of an indorser is not absolute, but contingent; it is not established by production and proof of the instrument upon which the indorsement is borne, and of the indorsement itself. It requires proof *aliunde* the instrument, of presentation to the maker, demand of payment, non-payment, and notice thereof to the indorser, to show that the contingent liability has become absolute, and none of this proof appears on the face of the instrument nor of the indorsement. We have been referred to no case, and know of none, in which the provision in question has been applied to the case of an indorser. The case cited by counsel for the respondent in which it was applied to an action on a policy of life insurance (*Studwell* v. *Charter Oak Ins. Co.,* 19 Hun, 127), was expressly overruled in the case of *New York Life Insurance Company* v. *Universal Life Insurance Company* (*supra*). We think the practice of the plaintiff in entering the judgment was unwarranted by the statute, and that the motion to vacate the judgment was improperly denied.

The order of the County Court should be reversed and the motion granted, with costs of the motion and of the appeal.

All concurred.

Order reversed; motion granted, with ten dollars costs of the motion and ten dollars costs and the disbursements of this appeal.