WILLIAM L. FORD, RESPONDENT, v. BINGHAMTON HYDRAULIC POWER COMPANY, APPELLANT.

*Demurrer served by a corporation in an action upon its promissory note — must be accompanied with a judge's order directing that the issue be tried — Code of Civil Procedure, sec. 1778.*

A domestic corporation made two promissory notes, payable to its own order, which were indorsed for its accommodation by one Ford, who, after notice of their protest for non-payment, took up the notes and brought an action against the corporation to recover the amount thereof.

The corporation demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, but did not serve with the demurrer a copy of an order of a judge directing that the issues raised by the demurrer should be tried. At the expiration of the twenty days after the personal service of the complaint, Ford, the indorser, entered judgment as in case of default in pleading.

Upon an appeal from an order denying a motion made by the defendant to set aside and vacate such judgment:

*Held*, that the motion was properly denied.

That the action was against a domestic corporation to recover damages for the non-payment of a promissory note, within the provisions of section 1778 of the Code of Civil Procedure, which, in such case, require that unless "the defendant serves, with a copy of his answer or demurrer, a copy of an order of a judge directing that the issues presented by the pleadings be tried, the plaintiff may take judgment, as in case of default in pleading, at the expiratian of twenty days after service of a copy of the complaint."

APPEAL from an order, made at a Special Term held in Broome county, which was entered in the office of the clerk of the county of Broome on the 24th day of October, 1889, denying a motion made by the defendant to set aside and vacate a judgment entered by the plaintiff, under section 1778 of the Code of Civil Procedure, after the defendant had appeared and served a demurrer.

*Conniff & Penrie,* for the appellant.

*A. D. Wales,* for the respondent.

MARTIN, J.;

The appellant, a domestic corporation, made two promissory notes payable to its order, which were indorsed by the respondent for the accommodation of the appellant. When due they were not paid. After protest and notice to respondent of non-payment and protest he paid and took up the notes and brought an action against the appellant to recover the amount thereof. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. No copy of an order of a judge directing that the issues raised by the demurrer should be tried was served with such demurrer. At the expiration of twenty days after the personal service of the summons and complaint herein the respondent entered judgment as in case of default in pleading. The appellant then moved, at Special Term, to set aside and vacate such judgment, on the ground that the appellant had no authority to enter it until the issues raised by such demurrer were tried and determined. This motion was dismissed.

Section 1778 of the Code of Civil Procedure provides: "In an action against a foreign or domestic corporation to recover damages for the non-payment of a promissory note or other evidence of debt, for the absolute payment of money upon demand or at a particular time * * * unless the defendant serves with a copy of his answer or demurrer a copy of an order of a judge directing that the

issues presented by the pleadings be tried, the plaintiff may take judgment, as in case of default in pleading, at the expiration of twenty days after service of a copy of the complaint, either person- ally with the summons or upon defendant's attorney, pursuant to a demand therefor."

The only question presented on this appeal is, whether this was an action to recover damages for the non-payment of a promissory note, or other evidence of debt, for the absolute payment of money, within the intent and purpose of this statute.   Where an indorser of a promissory note has paid and taken it up he becomes a holder for value, and may maintain an action to recover the amount of the maker. (2 Daniel on Negotiable Instruments, 219 ; *Kelly* v. *Burroughs*, 102 N. Y., 93.)   That an action by such an indorser and holder against the maker is an action to recover damages for the non-payment of a promissory note, and, within the provisions of section 1778, is, we think, quite manifest.   Nor do we find anything in the case of the *New York Life Insurance Company* v. *The Universal Life Insurance Company* (88 N. Y., 424) in conflict with this conclusion.   In that case the action was upon an insurance policy, which was held to be a conditional contract, and not within the provisions of that section.

We do not think the case of *Shorer* v. *Times Printing and Publishing Company* (24 N. Y. St. Rep., 868), in principle, like the case at bar.   In the Shorer case the action was against a domestic corporation as indorser of a promissory note, and it was held that the contract of indorsement was not an instrument which was of itself evidence of debt; that the indorser's liability was not absolute, but contingent, requiring proof *aliunde* the instrument, of presentation, demand, non-payment and notice to show that the contingent liability had become absolute, and hence not within the provisions of section 1778.   In the case at bar the contract of the corporation was evidenced by two promissory notes made by it whereby it became absolutely liable for the payment at a particular time of the amounts of money mentioned therein.   The liability of the defend- ant was in no wise a contingent one.   It was fixed at the inception of the notes and by the express provisions thereof.   No proof *aliunde* the note was required to establish the defendant's liability, nor to show that it was absolute.

We are of the opinion that this action was against a domestic corporation to recover damages for the non-payment of a promissory note, and that the Special Term properly refused to vacate the judgment entered herein.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN, P. J., and MERWIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.