SEBASTIAN SHORER, Appellant, *v.* THE TIMES PRINTING AND
    PUBLISHING COMPANY, Impleaded, etc., Respondent.

The provision of the Code of Civil Procedure (§ 1778), declaring that, in an
    action against a corporation " to recover damages for the non-payment
    of a promissory note, or other evidence of debt for the absolute payment
    of money upon demand, or at a particular time,   *   *   *   unless the
    defendant serves with a copy of his answer or demurrer, a copy of an
    order of a judge directing that the issues presented by the pleadings be
    tried, the plaintiff may take judgment, as in case of default in pleading
    at the expiration of twenty days," does not apply to an action wherein
    it is sought to charge a corporation as indorser of a promissory note;
    it is to be confined strictly to actions upon instruments which admit on
    their face an existing debt payable absolutely.
Reported below, 53 Hun, 88.

    (Submitted February 24, 1890; decided March 4, 1890.)

APPEAL from order of the General Term of the Supreme
Court in the fifth judicial department made the first Tuesday
of June, 1889, which reversed an order denying a motion to
vacate a judgment in favor of plaintiff taken by default.

The nature of the action and the material facts are stated
in the opinion.

*Fanning & Williams* for appellant. The action was
against a domestic corporation to recover damages for the non-
payment of a promissory note, and was clearly within the pro-
visons of section 1778 of the Code of Civil Procedure; and
the failure of the defendant corporation to serve with its
answer an order of a judge directing that the issues be tried,
entitled the plaintiff to take judgment against it by default.
(Edmonds on Bills & Notes [3d ed.], 288, § 405; 2 Parsons
on Notes & Bills, 23, § 6; Daniel on Neg. Inst. §§ 666–671;
*Studley* v. *C. O. Ins. Co.*, 19 Hun, 127; Throop's Code, § 1778;
Laws of 1825, chap. 325, § 4; 1 R. S. 458, § 8; 3 R. S. [6th ed.]
741, § 6; 2 R. S. 428, §§ 8, 9; *Moran* v. *Long Island City*,
101 N. Y. 441; *Hutson* v. *M. S. Co.*, 12 Abb. [N. C.] 279;
*Beaumond* v. *D. Co.*, 5 Civ. Pro. Rep. 274; *Schlegal* v. *A.
B. B. & A. B. Co.*, 64 How. Pr. 196; *Barr Co.* v. *Kuntz Co.*,

18 Abb. [N. C.] 476; Code Civ. Pro. [Bliss] § 525; *N. Y. L. Ins. Co.* v. *U. L. Ins. Co.*, 88 N. Y. 424–429; *Edington* v. *M. L. Ins. Co.*, 67 id. 194.)

*D. C. Feeley* for respondent. Section 1778 of the Code refers only to promissory notes, or other evidences of debt, for the absolute payment of money, when such notes or evidences of debt are made or issued by a corporation. (Story on Prom. Notes, § 135; Chitty on Bills, § 241; Story on Bills, §§ 224, 225; Edwards on Bills, Notes & Neg. Inst. § 384; *N. Y. L. Ins. Co.* v. *U. L. Ins. Co.*, 88 N. Y. 426; *Tyler* v. *A. F. Ins. Co.*, 2 Wend. 280, 428.) Section 1778 is in derogation of the common law, and must be strictly construed, so where plain, tiff, in an action against a corporation, united in the same com, plaint a cause of action upon a promissory note and another for goods sold and delivered, he waived the benefit of said section. (*Bradley* v. *A. F. Co.*, 2 Code Civ. Pro. 50; *Beaumond* v. *D. Co.*, 5 id. 276; *Hutson* v. *M. S. Co.*, 12 Abb. [N. C.] 278; *Schlegel* v. *A. B. & Co.*, 64 How. Pr. 196; *McKee* v. *M. L. Ins. Co.*, 25 Hun, 583; *Brace* v. *K. & Co.*, 18 Abb. [N. C.] 476.)

O'Brien, J. The plaintiff's action was on a promissory note made by one Merrill to the order of and indorsed by the corporation defendant, and upon which it was claimed that the liability of the defendant had become fixed by demand and notice. The defendant, within the twenty days, served an answer to the complaint which the plaintiff disregarded, and entered judgment as in case of default. The defendant then made a motion in the court where the action was brought to vacate the judgment, which was denied, and the General Term has reversed this order and granted the motion.

The plaintiff claims that the answer was a nullity inasmuch as the order prescribed by section 1778 of the Code of Civil Procedure was not procured and served with it, and if that section has any application to an action of this kind his conten, tion is correct. The language of the section referred to, so far as material to the question raised by this appeal, is as follows:

"In an action against a foreign or domestic corporation, to recover damages for the non-payment of a promissory note, or other evidence of debt, for the absolute payment of money, upon demand, or at a particular time, * * * unless the defendant serves, with a copy of his answer or demurrer, a copy of an order of a judge directing that the issues presented by the pleadings be tried, the plaintiff may take judgment, as in case of default in pleading, at the expiration of twenty days."

We think that this provision has no application to an answer served by a corporation in a suit brought against it as indorser. This court has held that "it is to be confined strictly to actions upon instruments which admit on their face an existing debt payable absolutely," and that it had no application to an answer served by an insurance company in a suit upon a life insurance policy, though the policy had become due by the death of the insured. (*N. Y. L. Ins. Co.* v. *U. L. Ins. Co.*, 88 N. Y. 424.)

The defendant's contract of indorsement upon which the action is brought is not one "for the absolute payment of money upon demand or at a particular time." The defendant by its indorsement undertook to pay the note to the holder only in case that when due it was duly presented to the maker for payment, and payment demanded and refused by him, and then notice given of this refusal to the indorser. Its agreement to pay was essentially conditional in its character. This statute, in a proper case, permits a plaintiff to disregard the sworn answer of the defendant and to proceed to judgment as if no answer had been served. There is no good reason for extending it to cases not within its terms. The defendant was not subject to its provisions in this case, and, therefore, the judgment entered against it was without authority. (*N. Y. L. Ins. Co.* v. *U. Ins. Co., supra; Moran* v. *Long Island City,* 101 N. Y. 439; *Anonymous,* 6 Cow. 41; *Tyler* v. *Ætna Fire Ins. Co.,* 2 Wend. 280.)

The order appealed from should be affirmed

All concur.

Order affirmed.