(28 Civ. Proc. R. 212.)

### McGOVERN v. BULMAN–WARNER PAINT CO.

(Supreme Court, Special Term, New York County. October, 1898.)

CORPORATIONS—DEFAULT JUDGMENTS.
    Code Civ. Proc. § 1778, providing that in an action against a corporation to recover on a note, unless defendant serves, with a copy of his answer, a copy of an order of a judge directing that the issues presented by the pleading be tried, plaintiff may take judgment as in default, has no application where the action is both for goods sold and delivered and on a note.

Action by one McGovern against the Bulman-Warner Paint Company. Motion by defendant to open a judgment taken against it, under Code Civ. Proc. § 1778. Granted.

Daniel S. Decker, for the motion.

Dowe, Maurray & Hartridge, opposed.

BISCHOFF, J. The complainant proceeds upon promissory notes, and also upon a cause of action for goods sold and delivered, and the answer meets all the issues tendered. Defendant was entitled to serve an answer traversing the allegations of the complaint as to this last cause of action without application to the court for leave; and section 1778 of the Code does not relate to defenses to separate causes of action, but applies to the service of an answer as such, and, therefore, where the answer, in one aspect, is such as may be served without leave, because not going to a cause of action upon an instrument for the payment of money, the statute cannot be read as requiring that permission be first obtained to include in such answer defenses to causes of action of the latter class, when joined in the same complaint. This section of the Code cannot be extended in its operation beyond its very terms (Shorer v. Publishing Co., 119 N. Y. 483, 23 N. E. 979); and as was held in the case of Bradley v. Fertilizing Co., 2 Civ. Proc. R. 50, these provisions of the statute must be construed to have reference only to an action where the sole issue is upon the class of demands expressly therein described.

Motion granted, with $10 costs. Settle order on notice.