MORRIS B. LIEDERMAN, Respondent, *v.* WILLIAM ROVNER, Appellant.

*Foreclosure of a lien on personal property in the New York Municipal Court — an execution against the person cannot issue where no order of arrest has been made.*

In an action brought in the Municipal Court of the city of New York to foreclose a lien on personal property which the defendant had maliciously and willfully disposed of, the court, under section 140 of the Municipal Court Act and section 1487 of the Code of Civil Procedure, construed in connection with section 20 of the Municipal Court Act, has no power to enforce a judgment against the defendant by an execution against the person, unless an order of arrest has been issued in the action.

APPEAL by the defendant, William Rovner, from so much of a judgment of the Municipal Court of the city of New York in favor of the plaintiff, as directs execution against the person of the defendant in the event of his not producing certain property upon which a lien is sought to be foreclosed.

*Louis Levene*, for the appellant.

*Abraham B. Schleimer*, for the respondent.

HOOKER, J. :

This action was brought in the Municipal Court of the city of New York to foreclose a lien on personal property, and the verbal complaint contained an allegation that the defendant had willfully and maliciously disposed of the property. A judgment was entered in plaintiff's favor, directing a foreclosure of the lien, and that if the property be not produced and made readily available to levy, an execution against the person issue. The defendant appeals from so much of the judgment as relates to the execution against the person.

The parties had entered into a written contract of conditional sale of the property, the lien upon which is sought to be foreclosed, and no order of arrest had been issued. The plaintiff established the allegations in the complaint that he had a lien, proved its amount and non-payment, and the allegation that the defendant had willfully disposed of the property. At the time of the commencement of the

action the defendant was in default forty-seven dollars, had pawned the property and sold the pawn ticket. Section 140 of the Municipal Court Act (Laws of 1902, chap. 580) provides that "in an action of foreclosure, as provided in the last section, the plaintiff may allege that the defendant wilfully or maliciously disposed of or concealed the property, or a part thereof, covered by the instrument on which suit is instituted, in which case the court may grant an order of arrest in the manner provided in article one of this title, and upon such allegation being proved on the trial, execution against the person shall issue, if the provisions of this act relating to indorsement upon the summons have been complied with, unless the property awarded by the judgment is produced by the defendant to satisfy the execution and levy, when made as provided in this article."

This is an action of foreclosure as provided in section 139, to which reference is there made, and the summons bore the proper indorsement. By the provisions of section 140 of the Municipal Court Act, an order of arrest may issue providing the defendant has willfully or maliciously disposed of or concealed the property or a part thereof. The provisions of the Code of Civil Procedure as they may be from time to time are made applicable to the Municipal Court so far as may be and so far as they are not in conflict with the provisions of the Municipal Court Act. (Municipal Court Act, § 20.) Section 1487 of the Code provides that a judgment may be enforced by execution against the person of the judgment debtor in either of the following cases : " 1. Where the plaintiff's right to arrest the defendant depends upon the nature of the action. 2. In any other case, where an order of arrest has been granted and executed in the action, * * *." It is nowhere intimated in the Code of Civil Procedure, or in any part of the body of our law, that an action to foreclose a lien upon personal property is such as from its nature entitles plaintiff to arrest the defendant, and the provisions of section 140 of the Municipal Court Act relating to arrest must be deemed to entitle the plaintiff to such process depending " partly upon extrinsic facts." (Code Civ. Proc. § 550.) Under the authority, therefore, of section 1487 of the Code, there having been no order of arrest issued in this case, plaintiff is not entitled to an execution against the person. (Ætna

*Insurance Co.* v. *Shuler,* 28 Hun, 338; *Carrigan* v. *Washburn,* 14 Civ. Proc. Rep. 350.)

That portion of the judgment appealed from must, therefore, be reversed, with costs.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment of the Municipal Court in so far as appealed from reversed, with costs.