the attachment upon the ground of insufficiency of the affidavits upon which it was based, and judgment was taken against her under the provisions of section 91 of the Municipal Court Act (Laws 1902, p. 1519, c. 580), and from such judgment she appeals.

Under the decision in the case of J. H. Mohlman Co. v. Landwehr (Sup.) 83 N. Y. Supp. 1073, the only question to be determined upon this appeal is the sufficiency of the affidavits upon which the attachment was issued. The allegations contained in the affidavits are sufficient to warrant the granting of an attachment. It appears that the defendant purchased the goods in the usual course of business. After repeated requests had been made upon her to pay, she was threatened with suit by the plaintiff. She replied that, "if Hill sued, he would not get a cent, as she would sell her property, and leave New York." This was on February 19, 1904, and was followed by the sale aforesaid on February 23, 1904. These statements by the defendant indicated an intent upon her part to dispose of her property for the purpose of defrauding her creditors. Fox v. Mays, 46 App. Div. 1, 61 N. Y. Supp. 295; Livermore v. Rhodes, 27 How. Prac. 506.

Judgment affirmed, with costs.

---

## TAUTPHOEUS v. HARBOR & SUBURBAN BLDG. & SAV. ASS'N.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. DEFAULT JUDGMENT—INSTRUMENT SUED ON.

Where the instrument sued on does not entitle plaintiff to recover till he has proved, independently of it, that there was a mistake in its date, so that 72 months have elapsed since its proper date, it is not within Code Civ. Proc. § 1778, providing that, in an action against a corporation for damages for nonpayment of an evidence of debt for the absolute payment of money at a particular time, plaintiff may take judgment, as in case of default, after 20 days from service of complaint, unless defendant serves with his answer an order directing that the issues raised by the pleadings be tried.

2. SAME—RETENTION OF ANSWER.

Retention of answer by plaintiff prevents his taking a default judgment under Code Civ. Proc. § 1778, authorizing it, in an action on certain instruments, unless defendant serves with his answer an order directing that the issues raised by the pleadings be tried.

Appeal from Special Term, New York County.

Action by Christopher Tautphoeus against the Harbor & Suburban Building & Savings Association. From an order, plaintiff appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Hector M. Hitchings, for appellant.
Alexander S. Bacon, for respondent.

McLAUGHLIN, J. The plaintiff appeals from an order vacating a judgment setting aside an execution issued thereon, and a levy made

¶ 2. See Judgment, vol. 30, Cent. Dig. § 180.

thereunder. The defendant is a domestic corporation, and the action is brought to recover upon a certificate of 10 shares of its guarantied 6 per cent. stock. The complaint alleges that the certificate sued upon is a duplicate of one of the same number issued on the 3d of February, 1897; that the original, upon its purchase by the plaintiff, was surrendered to the defendant, and the one sued on issued in its place; that the duplicate so issued was, by an error, made to bear date December 1, 1899, the date of the transfer, instead of February 3, 1897, the date of the original certificate; that the certificate, upon its face, states that the plaintiff is the owner of 10 shares of such stock, and that it "is issued and accepted subject to the articles of association, by-laws and terms and conditions expressed on back hereof and is transferable only on the books of the association after its surrender properly assigned." The complaint further alleges that on the back of the certificate appear the following articles of association, by-laws, terms, and conditions: "This certificate is guaranteed against any assessments. As to payment of dividends of $1.50 per share on the first days of January, April, July and October of each year. As to payment of principal sum in United States gold coin of standard weight and fineness or its equivalent, on thirty days' written notice given by the holder to the secretary at the principal office of the association at any time after seventy-two months from date hereof;" that the 72 months mentioned expired on the 3d of February, 1903; that on the 18th of January, 1904, the plaintiff filed a written notice of withdrawal, in the form prescribed by the defendant, coupled with a demand for payment of said principal sum; that the defendant failed to pay as promised in the certificate, and judgment was demanded for the principal sum, with interest from the date of the demand. A copy of the summons and complaint was served on the defendant's secretary on the 25th of March, 1904. On the 7th of April following, the defendant served an answer which put in issue the material allegations of the complaint. The plaintiff retained the answer, but at the expiration of 20 days, exclusive of the day of service of the summons and complaint, entered judgment against defendant for the relief demanded as by default, upon the ground that an order was not served with the answer as provided in section 1778 of the Code of Civil Procedure, directing that the issues be tried. Subsequently an execution was issued upon the judgment, and a levy made thereunder, when the defendant learned for the first time that judgment had been entered. It thereupon applied for and obtained the order from which the present appeal is taken.

The plaintiff claims that the certificate sued on is an evidence of debt for the absolute payment of money at a particular time, and therefore he had a right to enter the judgment, inasmuch as no order was served with the answer in compliance with the section of the Code above referred to. This section provides, in substance, that in an action against a foreign or domestic corporation to recover damages for the nonpayment of a promissory note or other evidence of debt, for the absolute payment of money at a particular time, the plaintiff may take judgment as in case of default in pleading at the expiration of 20 days after service of a copy of the complaint, unless

the defendant served with a copy of his answer or demurrer a copy of an order of a judge directing that the issues raised by the pleadings be tried.

The conclusion at which we have arrived renders it unnecessary to determine at this time whether the certificate is of the character claimed by the plaintiff, because, if it is, the plaintiff was not entitled to enter judgment, inasmuch as he was bound to prove, in addition to it, facts which did not appear thereon, viz., that it should have been dated February 3, 1897, instead of December 1, 1899. It is only where the instrument upon its face shows that the plaintiff is entitled to the amount sought to be recovered that judgment can be entered as by default if an order is not served, directing that the issues be tried. It has been held that this provision of the Code has no application to an answer served by a corporation in an action brought against it as indorser of a promissory note (Shorer v. Times Printing & Publishing Co., 119 N. Y. 483, 23 N. E. 979), or to an insurance policy, though the policy has become due by the death of the insured, and that "it is to be confined strictly to actions upon instruments which admit upon their face an existing debt payable absolutely" (N. Y. L. Ins. Co. v. Universal L. Ins. Co., 88 N. Y. 424). Here this certificate, even if of the character claimed by the plaintiff, did not entitle the plaintiff to recover until he had proved, independently of it, that there was a mistake in the date, and by reason thereof the 72 months had expired before the notice was given.

I am also of the opinion that the retention of the answer precluded the plaintiff from treating it as a nullity. Defendant had a right to assume, when the answer was not returned, that it had been properly served. If the plaintiff intended to treat it as a nullity, then he should have promptly returned it to the defendant, at the same time stating his reasons therefor. Fairness and good practice at least required this.

The order appealed from, therefore, should be affirmed, with $10 costs and disbursements. All concur.