nature of the question asked that the examination was only to establish the defence of fraud, counsel for appellant should have disclosed that it was also on the question of the amount due, assuming there was no fraud. The court did not have its attention directed to that point, but was diverted from it by the objection and the discussion thereof.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

### DUKE v. MT. MORRIS CONST. CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

COURTS—MUNICIPAL COURTS—PROCEDURE—JUDGMENT AS BY DEFAULT.

Code Civ Proc. § 1778, authorizing plaintiff in an action against a corporation on a note to take judgment as in case of default at expiration of 20 days after service of complaint, unless defendant serve with his answer or demurrer, an order of a judge that the issues presented by the pleadings be tried, applies to cases brought in the Municipal Court of the city of New York; Municipal Court Act, Laws 1902, p. 1496, c. 580, § 20. providing that the provisions of the Code of Civil Procedure shall apply to the Municipal Court so far as they can be made applicable and are not in conflict with the provisions of such act.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Joe Duke against the Mt. Morris Construction Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Max Hallheimer (A. Dudley Britton, on the brief), for appellant.
Morris Meyers, for respondent.

HOOKER, J. This is an action brought on a promissory note purporting to have been made by the defendant, a corporation. The answer was a general denial, and when it was filed there was neither filed nor served an order of a judge of the Municipal Court directing that the issues be tried, as provided in section 1778 of the Code of Civil Procedure. Upon the motion of the plaintiff the court gave judgment in his favor for the relief demanded in the complaint, and the defendant appeals.

The question raised by this appeal is whether or not section 1778 of the Code of Civil Procedure applies to cases brought in the Municipal Court of the city of New York. Section 1778 reads as follows:

"In an action against a foreign or domestic corporation, to recover damages for the nonpayment of a promissory note, or other evidence of debt, for the absolute payment of money, upon demand, or at a particular time, an order, extending the time to answer or demur, shall not be granted, except by the court, upon notice to the plaintiff's attorney. In such an action, unless the defendant serves, with a copy of his answer or demurrer, a copy of an order of a judge, directing that the issues presented by the pleadings be tried, the plaintiff may take judgment, as in case of default in pleading, at the expiration of twenty days after service of a copy of the complaint, either personally, with the summons, or upon the defendant's attorney, pur-

suant to his demand therefor; or,. if the service of the summons was other-wise than personal, at the expiration of twenty days after the service is complete."

Section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580) reads as follows:

"The provisions of the Code of Civil Procedure and rules and regulations of the Supreme Court as they may be from time to time, shall apply to the Municipal Court so far as the same can be made applicable, and are not in conflict with the provisions of this act; in case of such conflict this act shall govern."

There is nothing in section 1778 which in any wise conflicts with any of the provisions of the Municipal Court act. Section 1778 deals with matter of practice, and no reason exists logically or by virtue of other provisions of the Municipal Court act why it should not govern in the Municipal Court. To section 20 of the Municipal. Court act real value must be given, and it has heretofore been recognized by this court as drawing to that court some of the provisions of sections 550 and 1487 of the Code. Liederman v. Rovner, 82 App. Div. 541, 81 N. Y. Supp. 606.

That section 1778 gives the plaintiff a right to take judgment as upon a default only at the expiration of 20 days after the service of a copy of the complaint does not prevent the applicability of this section to the Municipal Court practice. Schlegel v. American Beer, etc., Co., 2 Civ. Proc. R. 393, was a motion to open and set aside a judgment taken by default in favor of the plaintiff in the New York Marine Court, where the plaintiff had invoked the provisions of section 1778 of the Code and entered his judgment as upon a default in the absence of an order made by the court. The court decided that, although an answer in the Marine Court must be served within six days after the service of the complaint, yet section 1778 of the Code applied to that court, and said:

"It seems clear that the Legislature intended that the order of the judge should be served, within the time when the answer was due, and when the statute provides that the answer should be due in six days that the order should be served within that time, and it seems unnecessary to discuss the reasonableness of such a construction, for it is fairly inferable from the section itself, as well as from the general intent and purpose of the provision. This section took the place of 2 Rev. St. (1st Ed.) p. 458, pt. 3, c. 8, tit. 4, art. 1, § 8, which authorized the plaintiff, in an action against a corporation, founded on a note or other evidence of debt, to apply to the court for judgment on the return day, and the court then rendered judgment in favor of plaintiff, unless it was made to appear that the corporation had a good substantial defense on the merits. It is clear, therefore, that the return day under the old practice was the essential element of time, and the counsel is bound to construe the present provision in the light of the former legislation and the former practice."

In Beaumond v. Dieck's P. E. Co., 5 Civ. Proc. R. 274, the applicability of section 1778 of the Code of Civil Procedure to the practice of the City Court of the city of New York was likewise recognized.

The judgment should be affirmed, with costs. All concur.