### BLENDERMAN v. J. R. BELLIS CO.

(Supreme Court, Appellate Term. June 29, 1909.)

COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT JUDGMENT.

 Code Civ. Proc. § 1778, provides that in an action against a domestic corporation for nonpayment of a note or other evidence of debt, for the absolute payment of money on demand or at a particular time, unless defendant serves with a copy of his answer or demurrer a copy of an order of a judge directing that the issues be tried, plaintiff may take judgment as in case of a default in pleading. *Held*, that under such section, made applicable to the Municipal Court by Municipal Court Act (Laws 1902, p. 1496, c. 580) § 20, plaintiff in an action in that court against a domestic corporation on a check was not entitled to judgment after defendant filed a verified answer without an order for the trial of issues, in the absence of a notice to defendant that he intended to rely on such omission and to apply for judgment.

 [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

 Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frederick D. Blenderman against the J. R. Bellis Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William V. Zipser, for appellant.
Charles A. Frueauff, for respondent.

GILDERSLEEVE, P. J. This action was brought upon a check, drawn by defendant, a domestic corporation, payable to defendant's order. On February 18, 1909, a summons and verified complaint was served upon the defendant; the summons being returnable March 1, 1909. On the return day the defendant filed a verified answer. The case was marked for trial, and on the day it was reached it was adjourned until March 15, 1909. On the last-named day, when the case was called, the plaintiff moved for judgment, on the ground that no order under the provisions of section 1778 of the Code of Civil Procedure had been filed, which motion was granted, and judg-

ment entered .in favor of the plaintiff, ·from which judgment the defendant appeals.

Section 1778, so far as the same is material herein, reads as follows:

"In an action brought against a domestic corporation, to recover damages for nonpayment of a promissory note, or other evidence of debt, for the absolute payment of money, upon demand or at a particular time, * * * in such an action, unless the defendant serves, with a copy of his answer or demurrer, a copy of an order of a judge, directing that the issues presented by the pleadings be tried, the plaintiff may take judgment as in case of a default in pleading, at the expiration of twenty days after service of a copy of the complaint, either personally with the summons, or upon the defendant's attorney pursuant to his demand therefor. * * *"

This section evidently originated in section 4, c. 325, p. 449, of the Laws of 1825, which was an act to prevent fraudulent bankruptcies by incorporated companies, and it was there provided:

"That in every suit which shall hereafter be brought against any incorporated company, upon contract, note or other evidence of debt, if it shall appear that the final process against such company was served· at least twenty days· before the return thereof, it shall be .the duty of the court to which .the same is returned, to allow a declaration therein to be filed, and to give judgment on said return day unless it shall appear to the said court by affidavit that the said corporation has a good and substantial defense on the merits."

This, with the changes, has been incorporated in section 1778 of the . Code. Under our present practice its usefulness is not plainly apparent, especially in an action where a verified answer contains denials of the cause of action and allegations which require a trial to determine the issues thus raised. "It is a provision which authorizes a plaintiff to disregard the answer of the defendant, though it contains a general denial and be supported by a solemn verification and to enter judgment, notwithstanding such an answer, without so much as an application to the court. Such a statute will not be extended beyond the strict limitations of the terms employed." ·Shorer v. Times Co., 53 Hun, 88, 89, 6 N. Y. Supp. 63. It has, however, been held applicable to Municipal Courts by virtue of the omnibus provisions of section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580). Duke v. Mt. Morris Const. Co., 127 App. Div. 39, 111 N Y. Supp. 313. In the case of Tautphoeus v. Harbor Suburban Building & Savings Ass'n (Sup.) 88 N. Y. Supp. 709, it was held:

"That the retention of the answer precluded the plaintiff from pleading it as a nullity. Defendant had a right to assume, when the answer was not returned, that it had been properly served. If the plaintiff intended to treat it as a nullity, then he should have promptly returned it to the defendant, at the same time stating his reason therefor. Fairness and good practice at least require this."

It is true that such remarks were obiter. Nevertheless they were express and positive, and concurred in by all the court. That was an action in the Supreme Court, where all the pleadings are served; and while it is true that in the Municipal Court an answer is not necessarily served, but is filed with the court, and the plaintiff cannot

therefore return it, it is equally true that the plaintiff has access to it, and presumably is aware of what issues are raised by its allegations, and in the case at bar it is set forth in an affidavit used in a motion to vacate the judgment that a copy of the answer was served upon the representative of the plaintiff who appeared on March 1st to join issue. It would seem, therefore, that if plaintiff intended to rely upon defendant's failure to file an order under section 1778, "fairness and good practice" would require that plaintiff give notice to that effect to the defendant. Under the circumstances disclosed, we think the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., concurs.

SEABURY, J. (dissenting). The instrument sued upon was clearly and concededly within the provision of section 1778 of the Code of Civil Procedure, which provision was by section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580) made applicable to the Municipal Court. The plaintiff ought not to be held to have departed from the rules of fair practice because he did not return an answer which was not served upon him, but was filed with the court. Nor is there any provision of law which requires the plaintiff, in such a case as the present, to give notice that he intended to take advantage of the defendant's failure to comply with section 1778 of the Code. As no order such as required by section 1778 of the Code was ever made, it could not have been filed, and the absence of the order from the record is prima facie proof that there was no such order in existence. Moreover, we have before us the certification of the trial justice that no such order was filed.

I quite agree with Mr. Justice GILDERSLEEVE that the provisions of section 1778 are of doubtful value; but with this consideration I think that we have no concern. The defendant clearly failed to comply with the statute, and the plaintiff took advantage of his failure to comply, as he had the right to do.

I think the judgment should be affirmed, with costs.