### SCARANGELLO v. PACIONE.

(Supreme Court, Appellate Term. January 5, 1911.)

1. COURTS (§ 189*)—MUNICIPAL COURT—STAY OF EXECUTION—MODIFICATION OF JUDGMENT.

   The Municipal Court act (Laws 1902, c. 580), does not authorize a justice thereof to "stay an execution" by striking from the judgment a provision requiring defendant's arrest and imprisonment.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—JUDGMENT—MODIFICATION—MOTION.

   A motion by defendant upon judgment for plaintiff in a Municipal Court for an order to show cause why "an order should not be made herein vacating and setting aside the body execution issued herein, and why the judgment roll should not have stricken therefrom any reference that the defendant is liable to arrest and imprisonment," was to amend the judgment in the manner stated and not to stay execution.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURT—JUDGMENT — AMENDMENT—TIME OF MOTION.

   Plaintiff, by not objecting when a motion was made to amend a judgment for him that it was not made within five days from the rendition of judgment, as required by Municipal Court Act (Laws 1902, c. 580) § 254, waived such objection.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

4. COURTS (§ 189*)—MUNICIPAL COURT—ARREST—AUTHORITY TO ISSUE BODY EXECUTION.

   Municipal Court Act (Laws 1902, c. 580) § 56, subd. 3, requires that an order for defendant's arrest may be granted where he has been guilty of a fraud in contracting the debt or incurring the obligation sued for, except that no order of arrest shall be granted in an action specified herein where the debt contracted or the obligation incurred over all set-offs, etc., amounts to $100 or less. Subdivision 1 permits an order of arrest to be granted in an action for the recovery of damages where the action is for the willful injury to person or property. Plaintiff sued for damages caused by defendant's false representations upon selling plaintiff a coal business that defendant's landlord had a long time lease on the premises, and that defendant was entitled thereto until the lease expired, when such lease was in fact about to expire when plaintiff purchased. Held, that while subdivision 3 did not authorize the issuance of a body execution against defendant, that subdivision not applying, where the action is grounded wholly upon fraud, defendant's false representations amounted to a willful injury of plaintiff's property so as to au-

thorize the issuance of a body execution against defendant under subdivision 1.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

5. COURTS (§ 189*)—MUNICIPAL COURT—ARREST—ALLEGATION AND PROOF OF FACTS SHOWING LIABILITY.

Municipal Court Act (Laws 1902, c. 580) § 56, provides that an order to arrest defendant must or may be granted in the following cases: Subdivision 1 provides for the issuance of such order when the action is for the willful injury to personal property. Section 251 provides that, when · a judgment is rendered in a case where defendant is subject to arrest and imprisonment, it must be so stated in the judgment and entered in the docket. Section 271, subd. 2, provides that, if a case be one where the defendant may be arrested, the execution may direct the officer, if sufficient property cannot be found, to arrest and commit defendant. *Held*, construing the sections together, that, to authorize defendant's arrest and imprisonment in an action under section 56, the facts showing his liability to arrest must be alleged in the complaint and proved, in order to permit the insertion in the judgment of a provision requiring arrest and imprisonment; sections 251 and 271 applying generally in all cases in which defendant is subject to arrest and imprisonment, and not merely to the cases provided in sections 140 and 274, providing for arrest and imprisonment under certain circumstances, in an action to foreclose a lien on a chattel and in an action for wages, etc.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

6. STATUTES (§ 225*)—CONSTRUCTION—STATUTES IN PARI MATERIA.

All statutes relating to the same subject, being in pari materia, should be construed together so as to effectuate every part thereof, if possible.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 303; Dec. Dig. § 225.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Antonio Scarangello against Pepino Pacione. From an order vacating a body execution and striking from the judgment for plaintiff the recital that defendant was liable to imprisonment, plaintiff appeals. Reversed, and original judgment reinstated.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Palmieri & Wechsler, for appellant.

Brande & Weber, for respondent.

GIEGERICH, J. Plaintiff brought this action, based upon a verified complaint, which alleged, in substance, that the plaintiff and defendant entered into an agreement, by the terms of which plaintiff agreed to purchase of the defendant the business of selling coal, wood, and ice from a basement located in the premises at 51 Third avenue, borough of Manhattan, New York City; that the agreed price was $480, of which plaintiff paid down $100, and the possession of the premises to be given and the balance of the money paid within one week; that the defendant, to induce the plaintiff to enter into said agreement, falsely and fraudulently represented that the defendant's immediate landlord had a long lease of the premises and that the defendant had an agreement, whereby the defendant or his assigns were entitled to remain in possession of said premises until the expiration of said lease; that in fact said lease had already expired, or was about

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

to expire, at the time said agreement was made; and that such statements were false and known so to be by the defendant when made.

The plaintiff obtained a judgment for the amount of the deposit aforesaid, and in the judgment and docket it was stated, pursuant to the provisions of section 251 of the Municipal Court act (Laws 1902, c. 580), that the defendant was subject to arrest and imprisonment, and an execution was issued thereupon, which provided that, in case the amount thereof could not be made by levy and sale of property belonging to the defendant, then he should be arrested and committed to the jail of the county, etc. The defendant's attorney thereupon made a motion in the Municipal Court for an order to show cause why "an order should not be made herein vacating and setting aside the body execution issued herein, and why the judgment roll should not have stricken therefrom any reference that the defendant is liable to arrest and imprisonment." This motion was granted, and from the order entered thereon the plaintiff appeals.

The defendant claims that the motion was not to amend or modify a judgment, but was an application to "stay an execution issued out of the court." There is no authority in the Municipal Court act permitting a justice of that court to "stay an execution," by striking from it the provision requiring the arrest and commitment of a defendant. If we were to consider it as an application for that purpose only, the order made therein was clearly unauthorized, and the court without jurisdiction to make it. The motion was, however, unquestionably one to amend the judgment in the respect pointed out, and the order as made directs:

"That any reference in the judgment that the defendant is liable to arrest and imprisonment be and the same is hereby stricken from the said judgment and from the docket wherein the same is entered."

The right to issue a body execution depended upon the insertion of those words in the judgment, and, with those words stricken out, no body execution could issue, so that it was the judgment that was amended and not the execution stayed. It must therefore be determined upon this appeal whether or not the court below was authorized to amend the judgment in the manner pointed out. The return does not show that objection was taken in the court below, that the motion was not made within the five days specified in section 254 of the Municipal Court act, and unless such objection is taken it must be deemed to have been waived. Krakower v. Davis, 20 Misc. Rep. 350, 45 N. Y. Supp. 780; Scharmann v. Bard, 60 App. Div. 449, 69 N. Y. Supp. 1033. A verified complaint having been served, it is conceded that no indorsement upon the summons, asserting that the defendant was liable to arrest and imprisonment, as provided in section 39 of the Municipal Court act was necessary. The respondent's attorneys urged but two grounds upon which they claimed the affirmance of the order can be based. The first ground is that the Municipal Court has no authority to issue a body execution, except under certain sections of the Municipal Court act, in which such power is specially given, viz.: section 140, in an action to foreclose a lien upon a chattel and section 274, where an action is brought for wages. In other words, and

broadly stated, the respondent claims that although sections 56 to 70, inclusive, of the Municipal Court act, provide that an order of arrest may issue where a cause of action exists as therein stated, and lays down the practice to be followed before and after the order is granted, nevertheless there is no authority for issuing a body execution, after judgment in such an action has been recovered. The second ground is that, even if the court below has authority to issue a body execution, none could issue in this case, as the cause of action is one specified in subdivision 3 of section 56 of the Municipal Court act, and, the amount recovered being less than $100, a body execution cannot be issued. We will discuss the last claim first.

Subdivision 3 of section 56 of the Municipal Court Act reads as follows:

"Where the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought * * * except that no order of arrest shall be granted in an action specified in this subdivision where the debt contracted or the obligation incurred over all payments and set-offs or the property taken, obtained or converted, amounts to, or is valued at $100 or less."

The phrase in said section, "where the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought," applies only to those cases where a cause of action exists, without regard to any fraud that may have been used in contracting or incurring it, except, of course, if no fraud has been used, then no order of arrest can be obtained. In other words, where an action will not lie except for fraud, then the subdivision has no application. Both subdivision 3 of section 56 of the Municipal Court act and subdivision 4 of section 549 of the Code of Civil Procedure are derived from section 179 of the old Code of Procedure, which is in substance the same as subdivision 4 of section 4 of the act to abolish imprisonment for debt, passed April 26, 1831 (chapter 300). This section (179) has been passed upon and interpreted by the courts. In the case of McGovern v. Payn, 32 Barb. 83, 89, the defendant, pretending to be the owner of a tract of land in Iowa, induced the plaintiff to take the same in exchange for another lot of land. An order of arrest was granted in an action brought by plaintiff to recover damages for the fraud and was sought to be upheld by plaintiff under the fourth subdivision of section 179 of the Code of Procedure. The court there said:

"The fraud or the damages arising from it is not the debt or obligation 'for which the action is brought.' The word 'debt' obviously implies a liability arising upon contract; and the word 'obligation,' in this connection, has I think the same meaning. They both import a contract liability. Debt implies a fixed and absolute liability; a sum actually owing from one party to another. Obligation will include an inchoate conditional liability whose fixed character is to be determined by subsequent events. The section obviously contemplates that the debt or obligation is of that character that a suit might be brought on it, even if unaccompanied by fraud in contracting or incurring it; although in the latter case an order of arrest cannot be obtained. In other words, that fraud is not the gist of the action though it is of the order of arrest."

The case of Smith v. Corbiere, 3 Bosw. 634, is an authority to the same effect. In that case the action was for false and fraudulent rep-

resentations of the defendant as to the means and pecuniary responsibility of a third party to whom plaintiff was thereby induced to sell some goods. There the order of arrest was sought to be sustained under the same subdivision, and the court said:

"The order cannot be sustained under subdivision 4 of section 179 of the Code, which authorizes an arrest when the defendant has been guilty of fraud in contracting the debt or incurring the obligation for which the action is brought. * * * The obligation thus spoken of is one arising ex contractu on which an action will lie, whether contracted with or without fraud; and the defendant cannot be held to bail unless he was guilty of a fraud by reason of his conduct in incurring it. It has no relation to a cause of action which arises wholly and exclusively out of the fraud of the party and which must fail if the fraud be not proved."

The case at bar is purely one for fraud and deceit. Without the allegation and proof of fraud, no cause of action existed and no judgment could have been obtained. The defendant had contracted no debt, nor had he incurred any obligation, and except for his fraudulent statements the plaintiff could not recover. Hence the plaintiff had no cause of action under this subdivision. It will also be seen that the first position taken by the respondent is equally untenable. Subdivision 1 of section 56 provides that an order of arrest may be granted "in an action for the recovery of damages * * * when the action is for willful injury to person or property." It is clear that the plaintiff's cause of action was for willful injury to property. The term "willful" has been defined in the case of Duncan v. Katen, 6 Hun, 1, 4, affirmed 64 N. Y. 625. In that case the court points out that by injury to property is not, necessarily, meant the actual damage or destruction of the article itself. The court in that case said:

"The property is the right and not the thing—the right to have, use and enjoy the thing securely and unmolested—and whenever that right is disturbed or delayed the law gives an action for the injury irrespective of the condition of the thing to which the right of property exists."

In that case, a clerk of the plaintiff had delivered about $20,000 in gold certificates to the defendant. She concealed them with the express intention of fleeing the country with her confederate. This was held to be a willful injury to property. In the case at bar, the plaintiff was deprived of his property by and through the defendant's fraud and deceit, and thus the plaintiff's cause of action fell within the scope of subdivision 1 of section 56, and not within subdivision 3 of that section. Section 56 of the Municipal Court act is similar, in many respects, to section 549 of the Code of Civil Procedure. Section 549 enumerates many causes of action in which an order of arrest may be obtained, and in most instances provides that, where an allegation is made setting up such a cause of action, "the plaintiff cannot recover unless he proves the same on the trial of the action." This provision is not incorporated in section 56 of the Municipal Court act; but, when we come to consider that section in connection with sections 251 and 271 of the act, it is clear that, in cases where a plaintiff begins suit upon one of the causes of action specified in section 56, he must allege in his complaint, and prove upon the trial, the essential facts upon

which his cause of action is based.　Section 251 of the Municipal Court act provides that:

"When a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket."

The words "so stated in the judgment" clearly indicate that, in order to authorize a trial justice to insert in the judgment a statement that the defendant is liable to arrest and imprisonment, the facts showing such liability must be set forth in the complaint and also proven upon the trial, thus enabling the defendant to controvert the same, and this must be done whether or not an order of arrest has been issued, served, and not vacated, as the essential fact which must be shown by affidavit to entitle the plaintiff to an order of arrest are equally necessary to be proven upon the trial in order to procure the insertion in the judgment of the statement regarding arrest and imprisonment.　Section 271, subd. 2, of the act, in speaking of the form of execution, provides that:

"If it be a case where the defendant may be arrested * * * it may direct the officer, if sufficient property * * * cannot be found that he arrest the defendant and commit him to the jail of the county."

The insertion of the statement in the judgment provided for by section 251 enables the clerk to issue the proper form of execution as provided by subdivision 2 of section 271.　In construing the provisions of an act, the court must endeavor to harmonize all of its parts and to ascertain from it, taken as a whole, the intent of the lawmaking power.

"All acts on the same subject, whenever passed, are what is termed in pari materia, are to be construed as if constituting one act, and are to be so interpreted that all of them and all their clauses may be operative."　1 Edm'n Stat. A. L. xviii.

It will be seen, from the foregoing, that in the cases specified in section 56 the plaintiff may or may not avail himself of an order of arrest, in fact the section uses these words, "an order to arrest the defendant must or may be granted * * * in the following cases"; but, if he alleges in his complaint and proves upon the trial a cause of action for which the defendant is "subject" to arrest and imprisonment, the court has power to issue an execution in proper form to enforce the judgment either against property or person.　Neither can it be successfully urged that sections 251 and 271 apply only to those cases enumerated in sections 140 and 274.　In those sections it is expressly declared that body executions must issue under certain conditions therein specified, so that sections 251 and 271 have no application to the issuance of body executions under sections 140 and 274, but are applicable generally to all cases in which the defendant is subject to arrest and imprisonment.　We are aware of the decision in the case of Liederman v. Rovner, 82 App. Div. 541, 81 N. Y. Supp. 606; but the attention of the court in that case was evidently not called to the fact that section 1487 of the Code of Civil Procedure is not applicable to the Municipal Court, being limited to courts of record only by sec-

tion 3347, subd. 10. That case applies only to an action to foreclose a lien and has no application to the facts in the case at bar.

It follows that the order must be reversed, with costs, and the judgment as originally entered reinstated. All concur.