### FIFTH-THIRD NAT. BANK OF CINCINNATI v. HUDSON REFRIGERATOR CO.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

CORPORATIONS ⨺522—ACTIONS—SPECIAL ORDER FOR TRIAL OF ISSUES—STATUTES—APPLICABILITY.

Code Civ. Proc. § 1778, providing that in an action against a corporation for nonpayment of a note plaintiff may take judgment unless defendant procures a special order directing trial of issues, cannot be extended to an action on a note. executed by a corporation brought against another corporation alleged to have assumed the liabilities of the former corporation, and plaintiff to recover must prove assumption of liability.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2035, 2099–2113; Dec. Dig. ⨺522.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Fifth-Third National Bank of Cincinnati against the Hudson Refrigerator Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Joseph Wilkenfeld, of New York City, for appellant.
Abr. A. Silberberg, of New York City, for respondent.

GUY, J. The action is to recover on a promissory note made by a corporation. The complaint alleges that after maturity the maker (not a party to the action) transferred all its assets to the defendant corporation, and that in consideration thereof the defendant corporation assumed to pay all the debts and liabilities of the maker. After

answer filed, the plaintiff, under section 1778 of the Code, moved for and obtained judgment on the ground that the defendant had not procured a special order directing a trial of the issues.

The court erred in granting the motion. The statute invoked cannot be extended in its operation beyond its very terms. Shorer v. Times Print. & Pub. Co., 119 N. Y. 483, 23 N. E. 979. The note in question was not made by the defendant corporation, which can only be held because of its alleged assumption of the indebtedness of the maker. In the Shorer Case, supra, it was decided that the act did not apply in a suit against a corporation indorser of a note. As the plaintiff cannot recover simply on the note, but must also prove the assumption of the indebtedness by the defendant after the maker's default, as alleged, the statute has no application. See Tautphoeus v. Harbor & Suburban Ass'n, 96 App. Div. 23, 88 N. Y. Supp. 709.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.